UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: JIMMY P. THERIOT  
SSN: XXX-XX-6515

CASE NO.: 09-12740

SHAKIRA A. THERIOT  
SSN: XXX-XX-9365

DEBTOR

CHAPTER 7

## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY TO SHOW ATTORNEYS SIGNATURE

NOW IN COURT, through undersigned counsel, comes ARROW LOANS ("Mover"), a corporation organized and existing under the laws of the United States of America, and respectfully represents:

I.

JIMMY P. THERIOT & SHAKIRA A. THERIOT filed a Petition for relief under Chapter 7 of the Bankruptcy Code on 8/27/2009.

II.

This court has jurisdiction to grant the relief sought herein pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362. This is a core proceeding under 28 U.S.C. & 157 ( G ).

III.

Mover is the holder of a secured claim against the Debtors with a principal balance of $1,606.00, together with post - petition payments due from 4/10/09, accrued interest, together with attorney fees and cost, represented by one certain Promissory Note dated 7/3/08, in the Original principal sum of $ 3,294.00, payable to the order of "Arrow Loans, also known as ", executed by Shakira Theriot, payable in monthly installments of principal and interest in the amount of $183.00 per month commencing on 8/10/08, and on the first day of each month thereafter, and which note stipulates to bear interest at the rate of 36.00% per annum from date until paid. A copy of said note is annexed hereto and marked as Plaintiff's Exhibit "A".

IV.

The promissory note described above is secured by the property described below :

2-White Metal Daybed w/mattresses, GE Washer Super cap, Hotpoint Refrigerator 18 CU, Leather Sofa Model #68992

V.

The principal balance due to and owing to Mover is $1,606.00 together with post- petition unpaid installments due from 4/10/09 in the sum of $ 2,013.00 each, plus late charges of $110.00, and attorney's fees and cost, all as more fully stipulated in the said note and mortgage.

VI.

The Debtor's continuous possession of the furniture and bedding poses a threat to the condition and value of that collateral and entitles Mover relief from the automatic stay for lack of adequate protection of the collateral constitutes " cause"for relief from the automatic stay under 11 U.S.C. § 362(d)(1) and consequently, the Mover is entitled to relief from the automatic stay.

VII.

Mover avers that this court should find rule 4001 (a)(3) inapplicable and said Order rendered herein should have immediate effect allowing Mover to immediately implement and enforce the Order granted herein.

VIII.

Mover alleges that this is an attempt to collect a debt and any information obtained will be used for that purpose. This notice is required by the provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting to collect money from anyone who has been discharged of the debt under the Bankruptcy laws of the United States.

VI.

Despite repeated amicable requests from debtor & debtor's attorney to voluntary surrender the secured items or to reaffirm the debt, said debtor has refused to cooperate and therefore, mover respectfully requests the Honorable Court lift the stay in order to allow mover/creditor to seize thru judicial process its security.

WHEREFORE, MOVER PRAYS that the automatic stay be modified and annulled as it bears against the above-described property permitting mover to immediately enforce the aforedescribed debt against the debtor and to foreclose in state court on its security interest bearing against said property and for all such other legal and equitable relief as is just in the premises.

Respectfully submitted,
LEE DANIEL THOMAS, A.P.L.C.
Attorney for Mover
2301 N. Hullen Street, Ste. 101
Metairie, Louisiana 70001
Telephone: (504) 831-7908
Facsimile: (504) 831-8934

By: /s/ Lee Daniel Thomas
Lee Daniel Thomas , LA Bar No. 12807

# STATE OF LOUISIANA
## UNIFORM COMMERCIAL CODE - FINANCING STATEMENT
### UCC-1

Important - Read Instructions before filing out form.

Follow instructions carefully.

1. Debtor's exact full legal name - insert only one debtor name (1a or 1b) - do not abbreviate or combine names.

| | | | |
|---|---|---|---|
| 1a | Organization's Name | | |
| OR 1b | Individual's Last Name (and Title of Lineage) THERIOT | First Name SHAKIRA | Middle Name |
| 1c | Mailing Address 305 PELICAN DRIVE | City RACELAND | State LA / Postal Code 70394 / Country |
| 1d | Tax ID #: SSN or EIN XXX-XX-9365 | 1e Type of Organization / 1f Jurisdiction | 1g Organizational ID # if any ☐ None |

2. Additional debtor's exact full legal name - insert only one debtor name (2a or 2b) - do not abbreviate or combine names.

| | | | |
|---|---|---|---|
| 2a | Organization's Name | | |
| OR 2b | Individual's Last Name | First Name | Middle Name |
| 2c | Mailing Address | City | State / Postal Code / Country |
| 2d | Tax ID #: SSN or EIN XXX-XX-0000 | 2e Type / 2f Jurisdiction | 2g Organizational ID # if any ☐ None |

3. Secured Party's Name (or Name of Total Assignee of Assignor S/P) - insert only one secured party name (3a or 3b)

| | | | |
|---|---|---|---|
| 3a | Organization's Name ARROW LOANS, INC. | | |
| OR 3b | Individual's Last Name | First Name | Middle Name |
| 3c | Mailing Address 1056 GRAND CAILLOU ROAD | City HOUMA | State LA / Postal Code 70363 / Country |

4. This FINANCING STATEMENT covers the following collateral:

2-WHITE MELTAL DAYBED W/MATTRESSES; GE WASHER SUPER CAP. MODEL #WLSR2200 HOTPOINT REFRIGARATOR 18CU HTS18GCSWW;LEATHER SOFA MODEL#68992

5a Check if applicable and attach legal description of real property: ☐ Fixture filing ☐ As-extracted collateral ☐ Standing timber constituting goods
☐ The debtor(s) do not leave an interest of record in the real property (Enter name of an owner of record in 5b)

5b Owner of real property (If other than named debtor)

6a Check only if applicable and check only one box
☐ Debtor is a Transmitting Utility. Filing is Effective Until terminated
☐ Filed in connection with a public finance transaction. Filing is effective for 30 years

6b Check only is applicable and check only one box
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decendent's Estate

7. ALTERNATIVE DESIGNATION (if applicable):
☐ CONSIGNEE/COSIGNOR ☐ LESSEE/LESSOR
☐ SELLER/BUYER ☐ AG. LIEN ☐ BAILEE/BAILOR ☐ NON-UCC-FILING

8. Name and Phone Number to contact filer

9. Send Acknowledgment To: (Name and Address)

10. The space below is for Filing Office Use Only

11. ☐ CHECK TO REQUEST SEARCH REPORT(S) ON DEBTORS (ADDITIONAL FEE REQUIRED) ☐ ALL DEBTORS ☐ DEBTOR1 ☐ DEBTOR2

0065-031208-20080703-0406-03

FILE COPY

LOUISIANA FORM (1-07)

# LOUISIANA
## DISCLOSURE STATEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

| ACCOUNT # | LENDER - SECURED PARTY | ALL BORROWERS: NAMES AND ADDRESSES |
|---|---|---|
| 31208 | ARROW LOANS, INC. | SHAKIRA THERIOT |
| PRIOR ACCOUNT # | 1056 GRAND CAILLOU ROAD | |
| 0 | HOUMA, LA 70363 | 305 PELICAN DRIVE |
| DATE OF LOAN | | RACELAND, LA 70394 |
| 07/03/08 | | |

### FEDERAL DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | Total of Payments The amount I will have paid after I have made all payments as scheduled. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. |
|---|---|---|---|
| 37.58 % | $ 3,294.00 | $ 822.90 | $ 2,471.10 |

**MY PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF FIRST PAYMENT | FIRST PAYMENT DUE DATE | OTHER PAYMENTS DUE SAME DAY OF EACH SUCCEEDING MONTH | AMOUNT OF OTHER PAYMENTS | FINAL PAYMENT DUE DATE |
|---|---|---|---|---|---|
| 18 | $ 183.00 | 08/10/08 | | $ 183.00 | 01/10/10 |

**Security:** I am giving you a security interest in:
[X] Household Goods   [ ] Motor Vehicle   [ ] Goods or property being purchased
[ ] Real Estate
[ ] Other (describe) _____    [ ] This loan is unsecured

Collateral securing other loans may also secure this loan.

**Late Charge:** If a payment is more than 10 days late, I will be charged $10.00 or 5% of the delinquent amount, whichever is greater.

**Prepayment:** If I pay off early, I may be entitled to a refund of part of the finance charge.

**Assumption Policy:** A subsequent purchaser of my dwelling financed under this loan may not be permitted to assume this loan under its original terms.

I should see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

| Itemization of the Amount Financed | $ 2,471.10 |
|---|---|
| Amount given to you directly | $ 4.09 |
| Amount paid on your Account | $ 0.00 |
| Amount paid to others on your behalf: | |
| Credit Life Insurance Co. | $ 79.06 |
| Credit Disability Insurance Co. | $ 98.82 |
| Property Insurance Co. | $ 192.70 |
| Non-Filing Insurance | $ 30.00 |
| Fees to Public Official for filing | |
| Filing Fee | $ 0.00 |
| Motor Vehicle Lien | $ 0.00 |
| Notary Fee | $ 0.00 |
| For Title Examination Fee | $ 50.00 |
| For Origination Fee | $ 20.00 |
| Documentation Fee | $ 108.00 |
| SHAKIRA THERIOT | $ 1,958.43 |
| BOB WATTS&SONS/SHAKI | $ 0.00 |
| | $ 0.00 |
| | $ 0.00 |
| | $ 0.00 |
| (Less) Prepaid Finance Charge | $ 70.00 |
| The Loan Contract Rate is | 33.72 % per annum |

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned (whether one or more) jointly, severally and solidarily, promise to pay to the order of the Lender stated above the Total of Payments shown above, until the full amount of this Note shall be paid. The first installment shall be due and payable on the first payment date shown above, and the following installments shall be due on the same date of each month thereafter, together with the final installment covering any unpaid balance, which final installment is due and payable on the final payment due date shown above, unless otherwise extended or deferred pursuant to the Louisiana Consumer Credit Law.

In the event that any installment payment under this Note is not paid within ten (10) days following its scheduled due date, a Delinquency Charge will be assessed equal to five (5%) percent of the default installment or $10.00, whichever is greater.

If this Note is prepaid in full before the final installment date, or if the maturity of this Note is accelerated for any reason, the Borrower shall receive a rebate of the unearned portion of the Finance Charge pursuant to the Rule of 78's after first deducting from the Finance Charge a prepayment charge of $25.00 if one-half (1/2) or less of the Note contract term has elapsed. No rebate less than $1.00 will be made.

**APPLIES TO SECTION 32 REAL ESTATE LOANS ONLY:** If prepayment is a result of refinancing, the finance charge refund will be computed using the actuarial method.

In the event the Borrower tenders a check in payment of any amount due under this Note and the check is returned due to insufficient funds or credit, Lender shall have the right to assess against the customer an additional charge for the dishonor of the returned item equal to 5% of the amount of the returned item or $25.00 whichever is greater.

The parties hereto further bind themselves to pay the reasonable fees of any attorney at law who may be employed to recover the amount of this Note, or any part hereof, in principal and interest, or to protect the interests of Lender or to compromise, or to take any other action with regard thereto, which fees are hereby fixed at twenty-five (25%) percent of the amount of the unpaid debt. Upon the occurrence of any one or more of the following events of default: (1) Failure to make any monthly payment when due; (2) Failure to perform any obligation under any Security Agreement securing this Note; (3) Borrower defaults under any other credit extension with Lender; (4) Borrower should die, or become insolvent, or apply for bankruptcy or other relief from creditors; (5) Lender reasonably believes itself to be insecure in the repayment of this Note, Lender may at its option, declare the entire unpaid balance of this Note, less any rebate of unearned charges, as provided for herein, to be due immediately and payable without notice or demand. Interest (Finance Charge) shall continue to be assessed on the unpaid balance of this Note, less any rebate of unearned charges, at the disclosed Contract Rate until one (1) year after contractual maturity, and thereafter at the rate of 13% per annum until paid in full.

In the event that an installment is not paid within 10 days after its due date, Lender may unilaterally grant a deferral of the delinquent installment and collect a deferral charge calculated by applying the above Contract Rate to the amount deferred over the period of deferral without regard to the differences in the length of months but proportionately for a part of a month, counting each day as 1/30th of a month. Such deferral charge may be collected at the time it is assessed or at any time thereafter.

Borrower agrees that the origination fee and documentation fee, if any, included in the Prepaid Finance Charge disclosed above, is fully earned and is not subject to rebate upon prepayment or acceleration of this Note, and is not considered interest.

All parties hereto severally waive presentment for payment, demand, protest and notice of protest and non-payment, and all pleas of division and discussion and agree that the payment of this Note may be extended by Lender, from time to time, one or more times, without notice, hereby binding themselves jointly, severally and solidarily, unconditionally waiving all pleas of discussion and division, and as original makers and promisors for the payment hereof in principal, interest, costs and attorney's fees.

Lender may at any time release one of the parties hereto, in whole or in part, from their obligations hereunder without in any manner affecting or impairing the rights of Lender against all other parties hereto not so released. All parties hereto severally consent and agree that any and all collateral securing this Note may be exchanged or surrendered or otherwise dealt with from time to time without notice to or from any party hereto and without in any manner releasing or altering the obligations of the parties hereto under this Note. No delay on the part of the Lender in exercising any power or right hereunder shall operate as a waiver of any such power or right nor shall any single or partial exercise of any power or right hereunder preclude other or further exercise thereof or the exercise of any other power or right hereunder.

As used herein, the term "parties hereto" shall be deemed to include not only the Borrower and Co-Borrower hereof but also any guarantor or guarantors. All parties hereto further severally agree that this Note evidences and sets forth their entire agreement with the holder hereof and that no modifications hereof shall be binding unless in writing and signed by the parties hereto.

The parties hereto further specify and unconditionally agree that this Note shall be governed and construed under the Louisiana Credit Law (La. R.S. §9:3510, et seq.). However, the Note shall not be governed by the Louisiana Consumer Credit Law where the proceeds of this note are used primarily for business or commercial purposes subject to La. R.S. 9:3509.

Borrower hereby grants permission to the Lender to contact persons related to him (her) provided such contacts are reasonable.

I (we) further acknowledge receipt of a completed copy of this Truth-in-Lending Disclosure Statement, Promissory Note and Security Agreement.

NOTICE: We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may reflect in your credit report.

## SECURITY AGREEMENT

To secure the payment of the above described loan which is evidenced by the Note above, Debtor(s) hereby grant(s) to Lender a security interest under the Uniform Commercial Code in the property described below:

**2-WHITE METAL DAYBED W/MATTRESSES; GE WASHER SUPER CAP. MODEL #WLSR2200WW HOTPOINT REFRIGARATOR 18CU HTS18GCSWW; LEATHER SOFA MODEL#68992**

together with all replacements and substitutions thereof, and all improvements, betterments and accessories thereto, and all other equipment, parts, accessories, and attachments. Proceeds of collateral are also covered; however, such shall not be construed to mean that the Secured Party consents to any sale of such collateral.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

DEBTOR(S) UNDERSTAND AND AGREE THAT ALL OF THE ADDITIONAL TERMS ON PAGE 2 ARE A PART OF THE SECURITY AGREEMENT HEREOF AS IF FULLY SET FORTH AT THIS POINT.

Debtor(s) authorize the disbursement stated above and acknowledge receiving a fully completed copy of the above. Debtor(s) understand and agree if no security is set out as described in the Security Agreement, then only the provisions of the Note and Itemization of the Amount Financed herein are applicable.

_____     _____
Witness                     DEBTOR

_____     _____
Witness                     CO-DEBTOR

NOTICE: SEE PAGE 2 FOR ADDITIONAL TERMS AND CONDITIONS

**ORIGINAL**
Page 1 of 2